**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF WEST VIRGINIA
MARTINSBURG**

**PHILANDER MCFARLAND,**

   **Plaintiff,**

**v.**                                                    **CIVIL ACTION NO.: 3:20-CV-201
                                                         (GROH)**

**UNITED STATES OF AMERICA,**

   **Defendant.**

## REPORT AND RECOMMENDATION

### I.  INTRODUCTION

On October 19, 2020, the *pro se* Plaintiff, a federal prisoner incarcerated at USP Beaumont in Beaumont, Texas, initiated this case by filing the Court-approved form. ECF No. 1.[1] Plaintiff claims he is entitled to damages pursuant to the Federal Tort Claims Act for acts which allegedly occurred while Plaintiff was incarcerated at FCI Hazelton in the Northern District of West Virginia. Plaintiff paid the initial partial filing fee on November 17, 2020. ECF No. 10.

The matter is now before the undersigned for a Report and Recommendation to the District Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and LR PL P 2. For the reasons set forth below, the undersigned recommends that the complaint be denied and dismissed with prejudice.

---

[1] All CM/ECF numbers cited herein are from the instant case, 3:120-CV-201, unless otherwise noted.

## II.   FACTUAL AND PROCEDURAL HISTORY

### A.   Claims in the Complaint

The complaint alleges that Plaintiff suffered the following injuries while in federal custody on September 13, 2019[2], that: (1) Plaintiff was "force[d]" into a cell where he "fell off" a bunk [ECF No. 1 at 9]; (2) Plaintiff was "arm-assaulted' inside a cell by a fellow inmate [Id.]; and (3) unidentified correctional officers, while escorting Plaintiff to the Special Housing Unit (SHU), lost Plaintiff's personal property [Id. at 9 – 10].   Plaintiff claims that as a result of these actions, he suffered injuries "to the cranium", and lost property.  Id. at 12.

Plaintiff seeks five hundred thousand dollars ($500,000.00) in damages, and five hundred thousand dollars ($500,000.00) in punitive damages.  ECF No. 1 at 12.

### B.   Motion to Dismiss, or in the Alternative, Motion for Summary Judgment

Defendant filed a motion to dismiss or for summary judgment, and a memorandum and exhibits in support thereof, on April 9, 2021.  ECF Nos. 24, 25, 25-1[3].   Defendant argues that Plaintiff's complaint should be dismissed because: (1) Plaintiff failed to plead his claims with specificity; (2) Defendant is not liable for any failure to protect Plaintiff because the discretionary function exception to the FTCA shields Defendant from liability; (3) the detention of goods exception to the FTCA exempts Defendant from liability for any

---

[2]  As noted by Defendant, "[u]pon information and belief, while plaintiff lists 'September 13, 2020' as the date of incident, the correct date of incident is September 13, 20**19**."  ECF No. 25 at 2, emphasis in original.

Consistent with Defendant's notice, the Court notes that in his complaint, Plaintiff asserted that he filed administrative remedy claim number TRT-MXR-2020-04190 seeking $3,500.00 in damages in relation to this claim.  ECF No. 1 at 7.  The Court further notes that Defendant submitted as an exhibit the June 30, **2020**, denial of Plaintiff administrative claim number TRT-MXR-2020-04190, which documents that "an investigation of the claim revealed on September 13, 2019. . . ."  ECF No. 25-1 at 21, emphasis added.

[3]  Additional institutional records were filed separately under seal.  ECF Nos. 26, 29, 30.

loss of legal materials; and (4) Plaintiff improperly seeks one million dollars in monetary damages in this suit after seeking only $3,500.00 in his administrative tort claim.  ECF No. 25.

In support of the memorandum attached to the motion to dismiss or for summary judgment were exhibits, including the June 30, 2020 administrative remedy denial regarding tort claim number TRT-MXR-2020-04190, which states that:

> You claim government liability in the amount of $3,500.00 for alleged personal injury at the United States Penitentiary Hazelton in Bruceton Mills, West Virginia (USP Hazelton). Specifically, you allege you were assaulted by an inmate as a result of staff neglecting your request for a cell reassignment.
>
> Your claim failed to reveal that you suffered a compensable personal injury due to the negligence of a government employee acting within the scope of employment.   An investigation of the claim revealed on September 13, 2019, you were involved in an altercation with another inmate.  Staff deny being approached by you regarding a request for cell reassignment, and a search of Inmate Request to Staff records failed to yield results of such a request.  There is no evidence staff knew you were in danger before you were injured.  There is no evidence of staff negligence, and without evidence of negligence a claim cannot be paid.
>
> Accordingly, the claim is denied.

ECF No. 25-1 at 21.

### C.    Plaintiff's responses to Motion to Dismiss or for Summary Judgment

On April 12, 2021, the Court issued an Order and Roseboro Notice to Plaintiff.  ECF No. 27.  Service of the Roseboro notice was accepted on April 16, 2021.  ECF No. 32. Plaintiff filed four documents in response to Defendant's motion to dismiss: (1) on April 22, 2021, a two-page document titled, "Pleading No. 1", which lists $20,000,000.00 in damages [ECF No. 33]; (2) on April 22, 2021, a single-page document titled, "Disclosure

Statement" [ECF No. 34]; (3) on May 10, 20201, a three-page document titled, "Pleading 2 issue lost Property", which lists the total of damages for property lost at USP Hazelton on September 13, 2019, as $500,000.00 on page 1, and which lists the total of damages for property lost September 13, 2019 "[f]iled at United States Patent and Trademark Alexandria Virginia [on] July 10, 2014 [in] Application 61998859" as "$1,000,000,000,000,000,000,000,000.00 [ ] one sextillion dollars" on page 2 [ECF No. 35]; and (4) on May 24, 2021, a three-page document which on page 2 is titled[4] "Supplement" and "Pleading New issue of 1 issue", and which lists $20,000,000.00 in damages for medication on December 4, 2019 [ECF No. 37].

None of the four documents filed in response to Defendant's motion to dismiss are titled as a "response" or "reply" or address the motion to dismiss or for summary judgment.

### III.    LEGAL STANDARD

#### A.    Review of Complaints

Pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and the Court's Local Rules of Prisoner Litigation Procedure, this Court is authorized to review such complaint and submit findings and recommendations to the District Court. This Court is charged with screening Plaintiff's case to determine "any pretrial matter pending before the court, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss, . . . to dismiss for failure to state a claim upon which relief can be granted, and to involuntarily dismiss an action."

#### B.    Pro Se Litigants.

Courts must read *pro se* allegations in a liberal fashion.  Haines v. Kerner, 404

---

[4]    The certificate of service for this document identifies the pleading as "1 criminal procedure document".  ECF No. 37 at 3.

U.S. 519, 520 (1972).  However, a complaint is frivolous if it is without arguable merit either in law or in fact.  Neitzke v. Williams, 490 U.S. 319, 325 (1989) (superseded by statute).  The Supreme Court in Neitzke recognized that:

> Section 1915(d)[5] is designed largely to discourage the filing of, and waste of judicial and private resources upon, baseless lawsuits that paying litigants generally do not initiate because of the costs of bringing suit and because of the threat of sanctions for bringing vexatious suits under Federal Rule of Civil Procedure 11. To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. Examples of the former class are claims against which it is clear that the defendants are immune from suit. . .

490 U.S. at 327.

## C.    Actions Under the Federal Tort Claims Act (FTCA)

The FTCA is a comprehensive legislative scheme by which the United States has waived its sovereign immunity to allow civil suits for actions arising out of the negligent acts of agents of the United States.  The United States cannot be sued in a tort action unless Congress has waived the government's sovereign immunity and authorized suit under the FTCA. Dalehite v. United States, 346 U.S. 15, 30-31 (1953). The provisions of the FTCA are found in Title 28 of the United States Code. 28 U.S.C. §§ 1346(b), 1402(b), 2401(b) and 2671-2680.

In 2021, the Supreme Court issued a decision which summarized the historical

---

[5] The version of 28 U.S.C. § 1915(d) which was effective when Neitzke was decided provided, "The court may request an attorney to represent any such person unable to employ counsel and may dismiss the case if the allegation of poverty is untrue, or if satisfied that the action is frivolous or malicious." As of April 26, 1996, the statute was revised and 28 U.S.C. § 1915A(b) now provides, "On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint-- (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief."

precedent which led to the enactment of the FTCA:

> The FTCA streamlined litigation for parties injured by federal employees acting within the scope of their employment. Before 1946, a plaintiff could sue a federal employee directly for damages, but sovereign immunity barred suits against the United States, even if a similarly situated private employer would be liable under principles of vicarious liability. Despite that immunity, the Government often would provide counsel to defendant employees or indemnify them.   In addition, Congress passed private bills that awarded compensation to persons injured by Government employees.   But by the 1940s, Congress was considering hundreds of such private bills each year.   Critics worried about the speed and fairness with which Congress disposed of these claims.

> In 1946, Congress passed the FTCA, which waived the sovereign immunity of the United States for certain torts committed by federal employees acting within the scope of their employment.  The Act in effect ended the private bill system by transferring most tort claims to the federal courts. Plaintiffs were (and are) required to bring claims under the FTCA in federal district court. Federal courts have jurisdiction over these claims if they are actionable under § 1346(b).  A claim is actionable if it alleges the six elements of § 1346(b), which are that the claim be:

> [1] against the United States, [2] for money damages, ... [3] for injury or loss of property, or personal injury or death [4] caused by the negligent or wrongful act or omission of any employee of the Government [5] while acting within the scope of his office or employment, [6] under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.[6]

Brownback v. King, 141 S. Ct. 740, 746 (2021) (cleaned up and internal citations omitted).

An inmate "can sue under the FTCA to recover damages from the United States

---

[6] 28 U.S.C. § 1346(b)(1) provides, "[T]he district courts ... shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages ... for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of any employee of the Government while acting within the scope of his office or employment, under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred."

Government for personal injuries sustained during confinement in a federal prison, by reason of the negligence of a government employee." United States v. Muniz, 374 U.S. 150 (1963). The FTCA provides at § 2674 as follows:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

However, the FTCA does not create a new cause of action. Medina v. United States, 259 F.3d 220, 223 (4th Cir. 2001). "The statute merely "permits the United States to be held liable in tort in the same respect as a private person would be liable under the law of the place where the act occurred." Id.

Even where the government has waived sovereign immunity, the FTCA only authorizes lawsuits against the United States itself. 28 U.S.C. § 1346(b). Therefore, the United States, not any government employee or agency is the only proper defendant in an FTCA lawsuit. See 28U.S.C. 2679(a); Webb v. Hamidullah, 281 F. App'x 159, 161 n. 4 (4th Cir. 2008) (per curiam) (unpublished) (United States is the only proper defendant in FTCA claim); Holmes v. Eddy, 341 F.2d 477, 480 (4th Cir. 1965) (per curiam) (federal agency cannot be sued pursuant to the FTCA); Allfgeir v. U.S., 909 F.2d 869 (6th Cir. 1990) ("The FTCA clearly provides that the United States is the only proper defendant in a suit alleging negligence by a federal employee").

A constitutional civil rights claim is not cognizable in an FTCA lawsuit. FDIC v. Myer, 510 U.S. 471, 477-79 (noting that a constitutional tort claim is not cognizable in an FTCA lawsuit because the United States has not waived its sovereign immunity with respect to constitutional tort allegations); Blanchard v. United States, No. 2:14cv58, 2015

WL 4107311, at 13 (N.D.W. Va. July 7, 2015), aff'd 622 F. App'x 287 (4th Cir. 2015) (per curiam) (unpublished) (finding that a civil rights claim alleging a violation of the Eighth Amendment prohibition against cruel and unusual punishment is not actionable against the United States in an FTCA lawsuit because a constitutional tort claim is not cognizable under the FTCA.

**D.    Motions to Dismiss**

Federal Rule of Civil Procedure 12(b)(6) permits dismissal of a case when a complaint fails to state a claim upon which relief can be granted.  The Federal Rules of Civil Procedure require only, "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'" Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). Courts long have cited, "the accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley, 355 U.S. at 45-46.

Plaintiff's complaint was filed *pro se* and therefore the Court must liberally construe his pleadings.  Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 - 1 (1972) (per curiam); Erickson v. Pardus, 551 U.S. 89, 94, 127 S.Ct. 2197 (2007).  Although a complaint need not contain detailed factual allegations, a plaintiff's obligation in pleading, "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do...." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).  Accordingly, "[f]actual allegations must be enough to raise a right to relief above the speculative level," to one that is "plausible on its

face." Id. at 555, 570.  In Twombly, the Supreme Court found that, "because the plaintiffs [ ] have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. at 570.  Thus, to survive a motion to dismiss, a plaintiff must state a plausible claim in his complaint which is based on cognizable legal authority and includes more than conclusory or speculative factual allegations.

"[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss." Ashcroft v. Iqbal, 556 U.S. 662, 679, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).  Thus, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," because courts are not bound to accept as true a legal conclusion couched as a factual allegation.  Id. at 678.  "[D]etermining whether a complaint states a plausible claim . . . [is] a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Id. at 679.  Thus, a well-pleaded complaint  must offer more than, "a sheer possibility that a defendant has acted unlawfully," in order to meet the plausibility standard and survive dismissal for failure to state a claim.  Id. at 678.

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint; importantly,  it does not resolve contests surrounding facts, the merits of a claim, or the applicability of defenses." Republican Party of North Carolina v. Martin, 980 F.2d 943, 952 (4th Cir. 1992) (citing 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1356 (1990)).  In considering a motion to dismiss for failure to state a claim, a plaintiff's well-pleaded allegations are taken as true and the complaint is viewed in the light most favorable to the plaintiff.  Mylan Labs, Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993); see also Martin, 980 F.2d at 952.

### E.    Motions for Summary Judgment

Pursuant to Federal Rule of Civil Procedure 56(a), the Court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  In applying the standard for summary judgment, the Court must review all the evidence in the light most favorable to the nonmoving party.  Celotex Corp. v. Catrett, 477 U.S. 317, 322–23 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment.  Factual disputes that are irrelevant or unnecessary will not be counted."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

In Celotex, the Supreme Court held that the moving party bears the initial burden of informing the Court of the basis for the motion to, "demonstrate the absence of a genuine issue of material fact."  477 U.S. at 323.  Once "the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to material facts."  Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986).

"The movant has the burden of showing that there is no genuine issue of fact, but the plaintiff is not thereby relieved of his own burden of producing in turn evidence that would support a verdict."  Anderson, supra, at 256. Thus, the nonmoving party must present specific facts showing the existence of a genuine issue for trial, meaning that "a party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [the] pleading, but must set forth specific facts showing that there is a genuine issue for trial."  Id.  The "mere existence of a scintilla of evidence"

favoring the nonmoving party will not prevent the entry of summary judgment. Id. at 248.

To withstand such a motion, the nonmoving party must offer evidence from which a "fair-minded jury could return a verdict for the [party]." Id. "If the evidence is merely colorable, or is not significantly probative, summary judgment may be granted." Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987). Such evidence must consist of facts which are material, meaning that they create fair doubt rather than encourage mere speculation. Anderson, supra, at 248.

Summary judgment is proper only "[w]here the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party." Matsushita, supra, at 587. "Where the record as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" Id. citing First Ntl. Bank of Ariz. v. Cities Service Co., 391 U.S. 253, 289, 88 S.Ct. 155, 1592 (1968). See Miller v. Fed. Deposit Ins. Corp., 906 F.2d 972, 974 (4th Cir. 1990). Although any permissible inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion, where, the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, disposition by summary judgment is appropriate. Matsushita, supra, at 587-88. Anderson, supra, at 248-49.

## IV.    ANALYSIS

As recognized by the Supreme Court in Brownback v. King, 141 S. Ct. at 746, an FTCA claim is actionable if it alleges the six elements of § 1346(b), which are that the claim be: (1) against the United States; (2) for money damages; (3) for injury or loss of property, or personal injury or death; (4) caused by the negligent or wrongful act or omission of any employee of the Government; (5) while acting within the scope of his

office or employment; (6) under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred.

Here, Plaintiff cannot meet all six requirements necessary to maintain an FTCA action. Although Plaintiff appears to meet the first, second and third requirements—his suit is against the United States, wherein he seeks $1,000,000.00 in total damages, and asserts that he was injured and suffered lost property—he cannot meet the fourth, fifth and sixth elements of an FTCA case.

Although Plaintiff claims he suffered a head injury because of the negligence of BOP employees, it appears that his claims do not merit relief. Plaintiff alternatively asserts that he was harmed by a fellow inmate and that he was harmed when he fell off a bunk after BOP staff forced him into a cell at USP Hazelton. ECF No. 1 at 9. Plaintiff identified the wrongdoer who caused him physical harm as a federal inmate, not a federal employee acting in the scope of his employment. However, Plaintiff appears to assert two claims against federal employees: (1) a failure to protect him from fellow inmates; and (2) a claim for lost property during his transfer to the SHU. Id. at 9 – 10.

Defendant argues that:

> Plaintiff's complaint consists solely of unsupported conclusory allegations. In Section VI, "Statement of Claim", plaintiff states that he was forced into a cell where he fell off a bunk. . . There are no details provided about how or why plaintiff fell off a bunk or how any correctional officer or jail employee was involved in the purported fall. He also claims simply that he was 'arm-assaulted' by another inmate. . . . Plaintiff offers no information as to how Defendant is responsible for the assault. Plaintiff also asserts that he lost personal property/papers but offers absolutely no explanation as to how or why he lost personal property/papers or how Defendant was involved.

12

ECF No. 25 at 7 – 8.  The Court concurs with Defendant's analysis.  Plaintiff's complaint does not state a claim upon which relief may be granted.

Plaintiff's complaint fails to comply with the Federal Rules of Civil Procedure requirement that only "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555.  Plaintiff's complaint fails to identify any individual federal agent took specific action which constituted a violation of the Federal Tort Claims Act, or that Plaintiff suffered any physical injury as a result of either any action or omission by federal employees.  Moreover, a "complaint must be dismissed if it does not allege 'enough facts to state a claim to relief that is *plausible* on its face.'"  Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008), quoting Bell Atl. Corp. v. Twombly (emphasis added).  Plaintiff's complaint does not allege enough facts to state a claim which is plausible on its face.

As noted above, because "only those questions which are squarely presented to a court may properly be addressed," this Court may not construct Plaintiff's arguments for him.  Weller, 901 F.2d at 391.  Even when liberally construing Plaintiff's allegations, he fails to assert any claims that the agents of the Defendant committed a tort which injured Plaintiff.  Further, to the extent that Plaintiff alleges federal employees were responsible for the loss of his personal property or papers, Plaintiff fails to allege how federal agents caused the loss of his personal property.  Accordingly, the failure to plead his claims with specificity dooms Plaintiff's action, and the complaint should be dismissed.

Plaintiff has failed to demonstrate that the alleged injuries he suffered were caused by the negligent or wrongful act or omission of any employee of the Government, as

required by the fourth prong of the statute. Because Plaintiff must demonstrate that he meets all six prongs, the failure to meet any of the six parts of the tests is determinative. Accordingly, because Plaintiff fails to meet the fourth requirement[7] of the statute, the Court need not address the fifth or sixth requirements. For these reasons, the complaint should be dismissed with prejudice for failure to state a claim upon which relief may be granted.

Further, because Plaintiff's complaint fails to state sufficient facts to constitute a claim upon which relief may be granted, this Court need not address the other defenses raised by Defendant.

## V.    RECOMMENDATION

For the foregoing reasons, the undersigned recommends that Plaintiff's complaint as to the United States of America be **DISMISSED WITH PREJUDICE** for failure to state a claim upon which relief may be granted.

**Within fourteen (14) days** after being served with a copy of this Recommendation, any party may file with the Clerk of the Court, **specific written objections, identifying the portions of the Report and Recommendation to which objection is made, and the basis of such objection.** A copy of such objections should also be submitted to the Honorable Gina M. Groh, Chief United States District Judge. Objections shall not exceed ten (10) typewritten pages or twenty (20) handwritten pages, including exhibits, unless accompanied by a motion for leave to exceed the page limitation, consistent with LR PL P 12.

**Failure to file written objections as set forth above shall constitute a waiver**

---

[7] Plaintiff also fails to meet the fifth requirement under <u>Brownback</u>.

**of de novo review by the District Court and a waiver of appellate review by the**

**Circuit Court of Appeals.** <u>Snyder v. Ridenour</u>, 889 F.2d 1363 (4th Cir. 1989); <u>Thomas</u>

<u>v. Arn</u>, 474 U.S. 140 (1985); <u>Wright v. Collins</u>, 766 F.2d 841 (4th Cir. 1985); <u>United States</u>

<u>v. Schronce</u>, 727 F.2d 91 (4th Cir. 1984).

This Report and Recommendation completes the referral from the district court. The Clerk is directed to terminate the Magistrate Judge's association with this case.

The Clerk is directed to provide a copy of this Report and Recommendation to the *pro se* Plaintiff by certified mail, return receipt requested, to his last known address as reflected on the docket sheet, and to all counsel of record, as applicable, as provided in the Administrative Procedures for Electronic Case Filing in the United States District Court for the Northern District of West Virginia.

DATED:          November 29, 2021

/s/ *Robert W. Trumble*
ROBERT W. TRUMBLE
UNITED STATES MAGISTRATE JUDGE

15